NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GEORGE JARVIS AUSTIN, | No. 22-15113 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-03208-SI |
| v. | |
| KEMPER CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted May 16, 2023[**]

Before: BENNETT, MILLER, and VANDYKE, Circuit Judges.

George Jarvis Austin appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims for discrimination, as

well as his state law claims for breach of contract, breach of insurance contract,

and breach of the duty of good faith and fair dealing. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Brunette v. Humane Soc. of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002).  We affirm.

The district court properly dismissed Austin's federal and state law claims for discrimination on the basis of race or disability because Austin failed to allege facts sufficient to state a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (in a 42 U.S.C. § 1981 action, "plaintiffs must show intentional discrimination on account of race"); *Munson v. Del Taco, Inc.*, 208 P.3d 623, 628-30 (Cal. 2009) (to state a claim under the Unruh Act, a plaintiff must plead intentional discrimination unless they also establish a violation of the Americans with Disabilities Act).

The district court properly dismissed Austin's breach of contract claims because Austin failed to allege facts sufficient to demonstrate the existence of a contract between himself and Kemper Corporation that would cover the injuries he asserts.  *See CDF Firefighters v. Maldonado*, 70 Cal. Rptr. 3d 667, 679 (Ct. App. 2008) (setting forth elements of a breach of contract claim under California law).

22-15113

The district court properly dismissed Austin's claim alleging a breach of the duty of good faith and fair dealing because Austin cannot bring this claim as a third party to the contract. *See Coleman v. Republic Indem. Ins. Co.*, 33 Cal. Rptr. 3d 744, 745 (Ct. App. 2005) ("[A] third party claimant—an individual who is injured by the alleged negligence of an insured party—does not have a private right of action against the insurer for unfair settlement practices"); *id* at 752 (holding that an "insurer owes no duty of good faith and fair dealing to a third party claimant").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**